UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

02 NOV 21 AM 11:48

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

TIFFANY BROOKE FOWLER

CASE NO.  6:02-cr-*183-ORL-28-DAB*
18 U.S.C. § 371
18 U.S.C. § 641
18 U.S.C. § 2314
18 U.S.C. § 2

## INFORMATION

The United States Attorney charges:

## COUNT ONE

### Introduction

At times material to this Information:

1.      The National Aeronautics and Space Administration (NASA) was an agency of the United States government.

2.      Lunar samples obtained via various NASA Apollo Missions were the property of the United States government.

3.      NASA's Johnson Space Center was designated as the depository for lunar samples owned by the United States government.

4.      NASA's lunar samples had a value of between thousands of dollars per gram and hundreds of thousands of dollars per gram, depending upon, among other factors, the size, weight and quality of any particular sample.

SCANNED

13

## The Offense

5.      From an unknown date, but at least as early as on or about May 9, 2002,

through and including on or about July 20, 2002, at Orlando, in the Middle District of

Florida, and elsewhere,

### TIFFANY BROOKE FOWLER,

the defendant herein, did unlawfully, knowingly, and willfully combine, conspire,

confederate, and agree with other persons, both known and unknown, to commit

certain offenses against the United States, specifically:

        a.      To embezzle, steal, purloin, and knowingly convert to her use and

the use of another, and without authority, sell, convey, and dispose of a thing of value in

excess of $1,000 of the United States and of any department or agency thereof, in

violation of Title 18, United States Code, Section 641; and

        b.      To transport, transmit, and transfer in interstate commerce any

goods, wares, merchandise, securities and money, of the value of $5,000 or more,

knowing the same to have been stolen, converted or taken by fraud, in violation of Title

18, United States Code, Section 2314.

## Manner and Means

6.      It was a part of the conspiracy that the defendant and/or her

coconspirators would and did post an advertisement, offering to sell lunar samples

commonly referred to as "moon rocks," on the web site of a mineralogy club in an effort

to identify individuals interested in purchasing lunar samples.

7.      It was a further part of the said conspiracy that the defendant and/or her

coconspirators would and did send electronic mail (E-mail) messages, offering to sell

2

lunar samples, to various individuals whom the conspirators believed might be interested in purchasing lunar samples.

8.     It was a further part of the said conspiracy that the defendant and/or her coconspirators would and did correspond via E-mail with various individuals about the sale of lunar samples in the course of attempting to identify one or more interested purchasers of lunar samples.

9.     It was a further part of the said conspiracy that the defendant and/or her coconspirators would and did negotiate, via E-mail, the sale of a quantity of lunar samples.

10.     It was a further part of the said conspiracy that the defendant and/or her coconspirators would and did steal a quantity of lunar samples, documentation authenticating the lunar samples, Martian meteorites, and other items belonging to the United States government for the purpose of selling all or part of the lunar samples to an interested purchaser.

11.     It was a further part of the said conspiracy that the defendant and/or her coconspirators would and did transmit, via interstate facsimile to a person whom the conspirators believed represented an interested purchaser of lunar samples, documentation authenticating the stolen lunar samples for the purpose of selling all or part of the lunar samples to such interested purchaser.

12.     It was a further part of the said conspiracy that the defendant and/or her coconspirators would and did transport the stolen lunar samples, documentation authenticating the lunar samples, and other items in interstate commerce for the purpose of selling all or part of the lunar samples to such interested purchaser.

13.    It was a further part of the said conspiracy that the defendant and/or her coconspirators would and did endeavor to match each stolen lunar sample with the corresponding documentation authenticating such lunar sample for the purpose of selling all or part of the lunar samples to such interested purchaser.

14.    It was a further part of the said conspiracy that the defendant and/or her coconspirators would and did attend a meeting with persons whom the conspirators believed represented an interested purchaser of lunar samples for the purpose of effectuating the sale of all or part of the stolen lunar samples.

15.    It was a further part of the said conspiracy that the defendant and/or her coconspirators would and did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden, the purpose of acts done in furtherance of the conspiracy.

Overt Acts

16.    In furtherance of the said conspiracy and to effectuate the objects thereof, the coconspirators performed, and caused to be performed, individually and together, overt acts in the Middle District of Florida, and elsewhere, including, but not limited to, the following:

17.    On or about July 13, 2002, TIFFANY BROOKE FOWLER and two coconspirators stole a safe containing lunar samples, documentation authenticating such lunar samples, Martian meteorites, and other items belonging to the United States government from NASA's Johnson Space Center in Houston, Texas.

18.    On or about July 19 and 20, 2002, TIFFANY BROOKE FOWLER and a coconspirator transported lunar samples, documentation authenticating such lunar samples, Martian meteorites, and other items, which they knew had been stolen from

4

NASA's Johnson Space Center in Houston, Texas, from Texas to Orlando, Florida, for the purpose of selling all or part of the stolen lunar samples to an interested purchaser.

19.     On or about July 20, 2002, a coconspirator rented a hotel room, Room #905, at the Sheraton Studio City Hotel, 5905 International Drive, Orlando, Florida 32819.

20.     On or about July 20, 2002, TIFFANY BROOKE FOWLER and two coconspirators met with persons whom they believed represented an interested purchaser of the stolen lunar samples, at Italianni's restaurant, 8148 International Drive, Orlando, Florida 32819, for the purpose of effectuating the sale of all or part of the stolen lunar samples.

All in violation of Title 18, United States Code, Section 371.


## COUNT TWO

From on or about July 19, 2002, through and including on or about July 20, 2002, at Orlando, in the Middle District of Florida, and elsewhere,

### TIFFANY BROOKE FOWLER,

the defendant herein, did knowingly and willfully transport, transmit, and transfer in interstate commerce any goods, wares, merchandise, securities and money, of the value of $5,000 or more, that is, lunar samples, documentation authenticating such

lunar samples, Martian meteorites, and other items, knowing the same to have been stolen, converted, and taken by fraud.

In violation of Title 18, United States Code, Sections 2314 and 2.

PAUL I. PEREZ
United States Attorney

By: *Rachelle DesVaux Bedke*

Rachelle DesVaux Bedke
Assistant United States Attorney

By: *Robert J. Monk*

Robert J. Monk
Assistant United States Attorney
Chief, General Crimes Section